UNITED STATES of America,
Appellee,

v.

Eduardo RAMEREZ, Defendant–
Appellant,

Luis Alberto Quichiz, Edwin Obregon–
Torres, Jhon Riascos, Ivan Riascos,
Moises Augusto Quinones, Defen-
dants.

No. 04–4596–cr.

United States Court of Appeals,
Second Circuit.

Nov. 3, 2009.

Jonathan Marks, New York, NY, for Appellant.

Janis M. Echenberg, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROGER J. MINER, WALKER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Eduardo Ramerez, who was convicted after a jury trial of one count of money laundering, *see* 18 U.S.C. §§ 1956(a)(3), 2, appeals from the denial of his motions for a judgment of acquittal, *see* Fed.R.Crim.P. 29, and for a new trial, *see* Fed.R.Crim.P. 33(a). The crux of his argument is that the evidence was insufficient as a matter of law to support the jury verdict. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Rule 29 Motion*

A defendant raising a sufficiency challenge to a jury verdict bears a "heavy burden," because a court must uphold the conviction if " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. MacPherson*, 424 F.3d

183, 187 (2d Cir.2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (emphasis in original). Thus, while we review the denial of a Rule 29 motion *de novo*, we consider the trial evidence in the light most favorable to the government, bearing in mind that "the task of choosing among permissible competing inferences is for the jury." *United States v. Florez*, 447 F.3d 145, 155 (2d Cir.2006).

■ Applying these principles to this case, we reach the same conclusion as the district court, *i.e.*, that the evidence was sufficient to support Ramerez's conviction. Confidential informant Fabio Hernandez testified at trial that he told Ramerez and Fernando Obregon–Torres, Ramerez's employer, that he sought to conceal the fact that certain money was the proceeds of illegal drug sales by using that money to purchase gold, which would then be transported to Colombia.[1] This was enough, by itself, to permit a reasonable jury to infer Ramerez's knowledge that Hernandez's gold transactions were a means to launder drug proceeds.

A jury could also reasonably infer Ramerez's participation in the May 21, 2003 gold transaction between Hernandez and Alberto Quichiz from at least three pieces of evidence: (1) Hernandez's testimony that he was introduced to Alberto Quichiz as an alternate source of gold by Ramerez and Obregon–Torres; (2) a recorded conversation in which Ramerez appeared to acquiesce in Hernandez's report that he had assured Quichiz that Ramerez had sanctioned their gold transaction, despite a prior arrangement for Hernandez to deal

---

1. That the district court mistook the date of this conversation, which occurred in August 2001, is of no moment. Hernandez's testimony establishes that Ramerez was aware of the money laundering scheme in advance of May

2003, when the conduct at issue here occurred. How far in advance he acquired this knowledge is not significant unless he could show that he afterward forgot it.

with Obregon–Torres; and (3) Ramerez's further recorded acknowledgment that he would receive a "tip" for his assistance in the Hernandez–Quichiz transaction.

On this record, the district court properly denied Ramerez's Rule 29 motion for a judgment of acquittal.

2. *Rule 33 Motion*

■ We review the denial of a Rule 33 motion for a new trial for abuse of discretion. *See United States v. McCourty,* 562 F.3d 458, 475 (2d Cir.2009). A new trial is warranted only in "extraordinary circumstances" when there is "a real concern that an innocent person may have been convicted." *Id.* (internal quotation marks omitted). That is not this case. As already noted, the trial evidence was sufficient to support the jury's finding that Ramerez aided and abetted a money laundering transaction. Indeed, the record evidence indicates that Ramerez volunteered to provide still further money laundering assistance to Hernandez, *e.g.,* by providing access to "trustworthy" associates or by changing the color of gold to disguise it for transport. Under these circumstances, we cannot identify "manifest injustice" in the district court's denial of Ramerez's Rule 33 motion. *See id.* at 477.

We have reviewed Ramerez's other arguments and they are without merit. Accordingly, the judgment of conviction is AFFIRMED.